MADE JS-6

1  PATRICIA BARBOSA, Esq. (SBN 125865)
   BARBOSA GROUP
2  9341 Candlewood Drive
   Huntington Beach, CA  92646
3  Tel: (714) 465-9713
   Fax: (714) 465-9628
4  E-mail: Barbosagrp@aol.com

5  JORDON METZ, Esq. (SBN 167355)
   MARGARET BYRNE IKEDA, Esq. (SBN 222303)
6  GOODMAN & METZ
   17043 Ventura Boulevard
7  Encino, California  91316-4128
   Telephone:  (818) 386-2889
8  Facsimile:   (818) 986-2889
   E-mail: Jordon@goodmanmetz.com
9  E-mail: Maggie@goodmanmetz.com

10 Attorneys for Plaintiff
   ARNIE T. PIKE
11

12 (Appearances continued on next page)

13

14              **UNITED STATES DISTRICT COURT**

15              **CENTRAL DISTRICT OF CALIFORNIA**

16

17 ARNIE T. PIKE                        CASE NO.: CV08-8582 GW (AGRx)
                                        Civil Rights
18            Plaintiff,
                                        Honorable Judge George H. Wu
19 v.
                                        **CONSENT DECREE AND ORDER**
20 PLACENTIA LIBRARY DISTRICT;          **FOR SETTLEMENT OF**
   AND DOES 1-10; INCLUSIVE,            **INJUNCTIVE RELIEF AND**
21                                      **PLAINTIFF'S MONETARY**
              Defendants.               **CLAIMS**
22
                                        No trial date set
23 _____/

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

---

**MADE JS-6**

1   / / /

2   JEFFREY A. SMITH, ESQ. (SBN 92935)
    DECLUES, BURKETT & THOMPSON , LLP
3   17011 Beach Blvd., Ste. 400
    Huntington Beach, CA  92647-7455
4   Tel: (714) 843-9444
    Fax: (714) 843-9452
5   E-mail: jsmith@dbtlaw.com

6   Attorneys for Defendant,
    PLACENTIA LIBRARY DISTRICT
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

MADE JS-6

## CONSENT DECREE AND ORDER

1.      Plaintiff ARNIE PIKE ("Plaintiff") filed a Complaint in this action on December 28, 2008, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California Civil Code §§ 51; 54; and 54.1,  and California Government Code §§ 4450 *et seq*., against Defendant, PLACENTIA LIBRARY DISTRICT ("Defendant"), and DOES 1-10, Inclusive.  Plaintiff has alleged that Defendant violated Title II of the ADA and California civil rights laws and statutes by failing to provide full and equal access to its facilities at the Placentia City Library located at 411 E. Chapman in the City of Placentia ("Library").  Plaintiff is a long-time resident of the City of Placentia and has patronized the Library for many years.  The parties now seek to settle all of plaintiff's claims for injunctive relief, and agree that the terms of this Consent Decree will satisfy all of plaintiff's claims for injunctive relief.

2.      Defendant denies the allegations in the Complaint filed by Plaintiff, and by entering into this Consent Decree and Order does not admit liability to any of the allegations in Plaintiff's Complaint filed in this action.  The parties hereby enter into this Consent Decree and Order for the purpose of entering into an early settlement of Plaintiff's claims for injunctive and monetary claims without the need for protracted litigation, and without the admission of any liability for any allegations in Plaintiff's Complaint.

## JURISDICTION:

3.      The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. and for supplemental jurisdiction for California civil rights laws and regulations.

4.      In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all of Plaintiff's claims regarding injunctive relief at the Library, and as full and complete payment for all of Plaintiff's monetary claims for attorney fees, costs and litigation expenses related to

MADE JS-6

this action.  Plaintiff waives his right to damages, of any kind whatsoever, resulting from any claims raised in the Government Claim filed with Defendant and as raised in his Complaint.  Accordingly, the parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims for monetary or injunctive relief, or in the Complaint filed with this court.

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**STATUTORY, COMPENSATORY AND PERSONAL INJURY DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

5.      Plaintiff has agreed to waive any claims for statutory, compensatory and/or personal injury damages in return for Defendant's agreement to pay for all of Plaintiff's claims for attorneys' fees, litigation expenses and costs in the action before this Court. Defendant agrees to pay to Plaintiff the sum of **$28,968** as complete settlement for all of Plaintiff's claims for attorneys' fees, litigation expenses and costs.  Defendant will pay Plaintiff's attorneys by submitting a check for the full amount of **$28,968** made out to "Goodman & Metz in Trust for Arnie Pike" within 14 days of this Consent Decree being signed and filed by the Court.

**SETTLEMENT OF PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF:**

6.      The parties have reached an agreement regarding Plaintiff's claims for injunctive relief as requested in his Complaint before this Court.  Defendant agrees to construct a unisex restroom that is fully ADA compliant as settlement of all of Plaintiff's claims for injunctive relief.  Attached as **Attachment A** is a diagram of a layout for the accessible restroom that is acceptable to Plaintiff as a resolution of his claims for injunctive relief.  While the District is not bound to follow the diagram, the result of any modifications must be a restroom that is fully ADA compliant.  The two restrooms in the library will be unisex, and the accessible restroom will be signed with ADA signage.

**ENTIRE CONSENT ORDER**:

MADE JS-6

7.     This Consent Decree and Order constitutes the entire agreement between the signing parties on the matter of Plaintiff's claims for monetary and injunctive relief against Defendant, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.  This Consent Decree and Order applies to Plaintiff's claims for monetary and injunctive relief in the action before this Court.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

8.     This Consent Decree and Order shall be binding on Plaintiff ARNIE PIKE, Defendant, PLACENTIA LIBRARY DISTRICT; and any successors in interest.  The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF:**

9.     Each of the parties to this Consent Decree understands and agrees that there is a risk  and possibility that, subsequent to the execution of this Consent Decree,  any or all of them will incur, suffer, or experience some further loss or damage with respect to Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all conditions that existed at the subject facilities and all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all such obligations required in this Consent Decree, this Consent Decree shall apply to and cover  any and all claims, demands, actions  and causes of action  by the parties to this Consent  Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

MADE JS-6

1           A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH

2           THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS

3           FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF

4           KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS

5           SETTLEMENT WITH THE DEBTOR.

6 This waiver applies to all of Plaintiff's claims for injunctive and monetary relief in the

7 action before this Court.

8         10.    Except for all obligations required in this Consent Decree, each of the parties

9 to this Consent Decree, on behalf of each, their respective agents, representatives,

10 predecessors, successors, heirs, partners and assigns, releases and forever discharges each

11 other Party and all officers, employees, agents, attorneys, insurance carriers, heirs,

12 predecessors, and representatives of each other Party, from all claims, demands, actions,

13 and causes of action of whatever kind or nature, presently known or unknown, arising out

14 of or in any way connected with the Lawsuit.

15 **TERM OF THE CONSENT DECREE AND ORDER:**

16         11.    This Consent Decree and Order shall be in full force and effect after the date

17 of entry of this Consent Decree and Order until the injunctive relief is completed in

18 compliance with the terms of this Consent Decree and Order, and until payment of

19 Plaintiff's monetary claims are paid in full.  The Court shall retain jurisdiction of this

20 action to enforce provisions of this Order until Defendant complies with all of the terms

21 of this Consent Decree.

22 **SEVERABILITY:**

23         12.    If any term of this Consent Decree and Order is determined by any court to

24 be unenforceable, the other terms of this Consent Decree and Order shall nonetheless

25 remain in full force and effect.

26 / / /

27 / / /

28 **SIGNATORIES BIND PARTIES:**

MADE JS-6

1    13.    Signatories on the behalf of the parties represent that they are authorized to

2    bind the parties to this Consent Decree and Order.  It is understood that Defendant's

3    signature is authorized only after approval of this Consent Decree and Order by vote of

4    its governing board.  This Consent Decree and Order may be signed in counterparts and

5    a facsimile signature shall have the same force and effect as an original signature.

6

7    APPROVED AS TO FORM:

8                                      PATRICIA BARBOSA
                                       BARBOSA GROUP
9
                                       JORDON METZ
10                                     MARGARET BYRNE IKEDA
                                       GOODMAN & METZ
11

12                                              *P Barbosa*
13   Dated: June ___, 2009         _____
14                                     Attorneys for Plaintiff
                                       ARNIE PIKE
15

16                                     JEFFREY A. SMITH
                                       DECLUES, BURKETT & THOMPSON, LLP
17

18
19   Dated: June ___, 2009         _____
                                       Attorneys for Defendant
20                                     PLACENTIA LIBRARY DISTRICT
21

22   Dated: June ___, 2009         _____
23                                     Plaintiff, ARNIE PIKE
24

25   Dated: June ___, 2009         _____
26                                     Defendant, PLACENITA LIBRARY
                                       DISTRICT
27

28

**CONSENT DECREE AND [PROPOSED] ORDER FOR SETTLEMENT**
**CASE NO. CV08-8582 GW (AGRx)**
LA08CV08582GW-J.wpd                                                      7

**MADE JS-6**

# <u>ORDER</u>

Pursuant to Stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: August 18, 2009

_____

Hon. GEORGE H. WU
United States District Judge